## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

RICHARD W HAYES

            Plaintiff

        vs

I.C. SYSTEM INC

            Defendant

Case No: 14CV05719
Division:   3
K.S.A. Chapter 60

### SUMMONS

To the above-named defendant:

      YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

Name:    BRYCE B BELL
Address:   2029 Wyandotte, Ste. 100
           Kansas City, MO 64108
Phone:    (816) 221-2555

Within 21 days after service of summons upon you.

      If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

*Sandy Mc Curdy*

Clerk of the District Court

Dated:   September 05, 2014

Johnson County Court House, 100 N. Kansas Ave.  Olathe,  KS 66061

*Clerk of the District Court, Johnson County Kansas*
*9/5/2014 16:03:20 SS*

EXHIBIT A

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DIVISION

RICHARD W. HAYES          )
                          )
                Plaintiff,  )
                          )
v.                        )
                          )       Case No. 14 CV 05719
I.C. SYSTEM, INC.         )
Serve: CT Corporation System  )   Division 3
       112 SW 7th St., Ste 3C )
       Topeka, KS 66603    )      Chapter 60
                          )
and                       )
                          )
                          )
BANFIELD PET HOSPITAL     )
Serve: TT Administrative Services, LLC )
       888 SW 5th Ave., Ste. 1600 )
       Portland, OR 97204  )
                          )
                Defendants.  )

## PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Plaintiff Richard W. Hayes, by and through counsel A. Scott Waddell of

the Waddell Law Firm LLC and Bryce B. Bell of Bell Law, LLC, for his Petition for Damages

against Defendant I.C. System, Inc. and Banfield Pet Hospital states as follows:

### JURISDICTION & VENUE

1.      Jurisdiction and venue in the District Court of Johnson County are proper in that

Plaintiff is employed in Johnson County, Kansas and Defendants attempted to enforce a

consumer transaction and collect an alleged debt from Plaintiff in Johnson County, Kansas.

K.S.A. § 50-638 (b) *Venue* states, in full: "Every action pursuant to this act [Kansas Consumer

Protection Act] shall be brought in the district court of any county in which there occurred an act

or practice declared to be a violation of this act, or in which the defendant resides or the

1              *Clerk of the District Court, Johnson County Kansas*
               *09/05/14  03:56pm SS*

defendant's principal place of business is located. If the defendant is a nonresident and has no principal place of business within this state, then the non-resident can be sued either in the district court of Shawnee county or in the district court of any county in which there occurred an act or practice declared to be a violation of this act".

## PARTIES

2.    Plaintiff Richard W. Hayes ("Richard" or "Plaintiff") is a person that resides in Overland Park, Kansas.

3.    Richard is a "consumer" under the Kansas Consumer Protection Act ("KCPA"), specifically K.S.A. § 50-624 (b).

4.    Richard is also a "consumer" under the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692 a(3).

5.    Defendant I.C. System, Inc., ("I.C. System") is a "supplier" under the KCPA, specifically K.S.A. § 50-624 (l). Defendant I.C. System is also a "debt collector" as defined by the FDCPA, specifically 15 U.S.C. § 1692 a(6).

6.    Defendant I.C. System is a for profit entity domesticated in Minnesota. I.C. System is registered to do business as a foreign for profit entity in the State of Kansas and can be served by serving its registered agent CT Corporation System at 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

7.    Defendant Banfield Pet Hospital ("Banfield") is a "supplier" under the KCPA, specifically K.S.A. § 50-624 (l).

*Clerk of the District Court, Johnson County Kansas*
*09/05/14  03:56pm SS*

8.     Defendant Banfield is a corporation domesticated in the State of Oregon and can be served by serving its authorized representative TT Administrative Services at 888 SW 5th Avenue, Suite 1600, Portland, Oregon, 97204.

## FACTUAL HISTORY

9.     On July 3, 2014, Richard obtained a copy of his credit report.

10.     On his credit report he noticed an entry for $1,229.00 reported by "I.C. System".

11.     The original creditor to this alleged debt was Banfield Pet Hospital.

12.     Richard never visited Banfield nor did he incur a debt for $1,229.00 or any other amount owed to Banfield.

13.     The alleged debt originating with Banfield, which it sent to I.C. System for debt collection, belongs to his father, Richard L. Hayes. In fact, it is listed as a debt on his father's bankruptcy filings.

14.     Defendants I.C. System and Banfield commingled Richard's father's debt with Richard's debt.

15.     I.C. System reported the alleged debt belonging to Richard's father to the credit bureaus and attributed it to Richard damaging his credit score, inhibiting his ability to obtain credit and resulting in a loss of credit opportunities.

16.     On July 11, 2014, Richard's counsel sent a *Nelson v. Miller* demand letter to I.C. System putting it on notice of its violations of the KCPA and FDCPA.

17.     On August 8, 2014, I.C. System responded by stating that the information reported on the credit bureaus was provided to them by their client Banfield. I.C. System stated that it would close the account but refused to address Plaintiff's other demands necessitating the filing of this lawsuit.

18.    The Kansas Supreme Court has previously held that debt collection activities fall within the definition of a "supplier" and are subject to the provisions of the Kansas Consumer Protection Act. *State ex rel. Miller v. Midwest Serv. Bur. of Topeka, Inc.*, 229 Kan. 322, 329, 623 P.2d 1343, 1349 (1981).

19.    Defendants I.C. System and Banfield are vicariously liable for the actions and omissions of its employees and/or agents.

20.    At all times relevant to this Petition, I.C. System was acting on behalf of Banfield, at the direction of Banfield and/or as an agent of Banfield.

**COUNT ONE**
**BREACH OF THE KANSAS CONSUMER PROTECTION ACT**
**DECEPTIVE AND UNCONSCIONABLE ACTS AND PRACTICES**
Defendant I.C. System
Defendant Banfield

21.    Plaintiff, for this Count I of Plaintiff's Petition for Damages against Defendants I.C. System, Inc. and Banfield Pet Hospital incorporates the previous paragraphs as if wholly set forth herein.

22.    Plaintiff at all times was a consumer and Defendants were suppliers under the KCPA.

23.    The Defendants' attempts to collect a debt against Plaintiff constitute a "consumer transaction" under the KCPA, specifically K.S.A. § 50-624 (c).

24.    Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendants' conduct.

25.    The KCPA should be liberally construed to promote its policies of protecting consumers against suppliers that commit deceptive and unconscionable practices. K.S.A. § 50-623; *Williamson v. Amrani*, 283 Kan. 227, 234, 152 P.3d 60, 67 (2007).

26.     Defendants' violations of K.S.A. § 50-626, Deceptive Acts and Practices, include,

but are not limited to:

(a)     The suppliers (generally) made false and/or misleading representations, knowingly or with reason to know, of fact, in violation of K.S.A. § 50-626 (a);

(b)     The suppliers made willful use, in oral or written representations, of an exaggeration, falsehood, innuendo or ambiguity as to a material fact, in violation of K.S.A. § 50-626 (b)(2);

(c)     The suppliers committed deceptive acts and/or practices in violation of K.S.A. § 50-626 including, but not limited to:

1.  Claiming the amount of the alleged debt, $1,229.00, as Plaintiff's when it is not actually his;

2.  Falsely representing the character and legal status of the alleged debt by reporting it to the credit bureaus;

3.  Communicating false credit information to the credit bureaus by submitting an alleged debt as Plaintiff's when it belongs to his father;

4.  Commingling an alleged debt of Plaintiff's father with Plaintiff's in an attempt to collect it;

5.  Engaging in behavior designed to confuse Plaintiff in an attempt to collect the alleged debt; and

6.  Engaging in a pattern of conduct, when taken in its totality, is deceptive.

27.     Defendants' violations of K.S.A. § 50-627, Unconscionable Acts and Practices,

include, but are not limited to:

(a) generally making unconscionable representations and/or misrepresentations, and/or engaging in unconscionable conduct, in violation of K.S.A. § 50-627 (a) including, but not limited to:

1.  Claiming the amount of the alleged debt, $1,229.00, as Plaintiff's when it is not actually his;

2.  Falsely representing the character and legal status of the alleged debt by reporting it to the credit bureaus;

5

*Clerk of the District Court, Johnson County Kansas*
*09/05/14  03:56pm SS*

3.  Communicating false credit information to the credit bureaus by submitting an alleged debt as Plaintiff's when it belongs to his father;

4.  Commingling an alleged debt of Plaintiff's father with Plaintiff's in an attempt to collect it;

5.  Engaging in behavior designed to confuse Plaintiff in an attempt to collect the alleged debt; and

6.  Engaging in pattern of conduct, when taken in its totality, is unconscionable.

(b)     Taking advantage of the inability of the consumer to reasonably protect the consumer's interests because of the consumer's ignorance of the law, in violation of K.S.A. § 50-627 (b)(1).

28.     For the benefit of the general public, Plaintiff requests and is entitled to an injunction calculated to curb and prevent Defendants I.C. System, Inc. and Banfield Pet Hospital from continuing their practices of violating the Kansas Consumer Protection Act by engaging in the acts and practices set forth above.

WHEREFORE, for Count I of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendants I.C. System and Banfield for damages in excess of $75,000.00 as follows:

a.     Statutory damages in the amount of $10,000.00 for every violation of the Kansas Consumer Protection Act per K.S.A. § 50-636 (a);

b.     An injunction preventing the Defendants from continuing to violate the Kansas Consumer Protection Act;

c.     Plaintiff's costs and legal fees at $300.00 to $350.00 per hour in maintaining this action per K.S.A. § 50-634(e);

d.     Pre and post-judgment interest at the greatest rate allowed by the State of Kansas; and

e.      Any other relief which the Court may deem just and proper.

## COUNT TWO
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
Defendant I.C. System

29.     Plaintiff, for this Count II of Plaintiff's Petition for Damages against Defendant I.C. System, Inc., incorporates the previous paragraphs as if wholly set forth herein.

30.     As detailed above, Plaintiff is a consumer and Defendant is a debt collector under the FDCPA.

31.     The FDCPA should also be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Financial Systems, Inc.*, 839 F.Supp. 941, 944 (D. Conn. 1993); *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

32.     Defendant I.C. System violated the FDCPA. Defendant's violations of the FDCPA include, but are not limited to, the following;

(a)     The amount of debt, $1,229.00, I.C. System claim my client owes to it, when it is not actually his debt is a false, deceptive and misleading representation and means to collect the debt, in violation of 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1);

(b)     The Banfield Hospital debt is not Plaintiff's as reported by I.C. System to the credit bureaus. Thus, I.C. System is falsely representing the character and legal status of the alleged debt, violating 15 U.S.C. § 1692e(2);

(c)     I.C. System has submitted to the credit bureaus that my client owes a debt that is not his and has thus communicated false credit information in violation of 15 U.S.C. § 1692e(8); and

(d)     Commingling Plaintiff's debt with his father's is an unfair and unconscionable means to attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f;

WHEREFORE, for Count II of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendant I.C. System for damages in excess of $75,000.00 as follows:

a.    Statutory Damages of $1,000.00 for each violation of the FDCPA;

b.    Plaintiff's costs in maintaining this action pursuant to 15 U.S.C. § 1692k(a)(3);

c.    Reasonable attorney's fees at $300.00 to $350.00 per hour pursuant to 15 U.S.C. §
      1692k(a)(3);

d.    Pre and post-judgment interest at the greatest rate allowed by the State of Kansas;
      and

e.    Any other relief which the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff and demands a jury trial on all issues so triable pursuant to
K.S.A. § 60-238.


Respectfully submitted,

*/s/ Bryce B. Bell*
Bryce B. Bell        KS # 20866
Bell Law, LLC
2029 Wyandotte, Ste. 100
Kansas City, Missouri 64108
Telephone: 816-221-2555
Facsimile: 816-221-2508
Bryce@BellLawKC.com
*Attorney for Plaintiff*

*/s/ A. Scott Waddell*
A. Scott Waddell        KS #20955
Waddell Law Firm LLC
2029 Wyandotte Street, Suite 100
Kansas City, Missouri 64108
Telephone: 816-221-2555
Facsimile: 816-221-2508
scott@aswlawfirm.com
*Attorney for Plaintiff*

8.